UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KITTY M. COOPER,**

    **Plaintiff,**

v.

**LIBERTY MUTUAL FIRE INS. CO.,**
*et al.*,

    **Defendants.**

:

:

Case No. 2:20-cv-6542
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is currently before the Court on the Motion of Defendants Liberty Mutual Fire Insurance Company and/or Liberty Insurance Corporation (collectively "Liberty") for Judgment on the Pleadings. (ECF No. 14). Plaintiff Kitty Cooper responded to that motion (ECF No. 21) and the Defendants replied. (ECF No. 22). The Motion is ripe for consideration.

    **I.**    **Factual Background**

The following draws from the allegations in the Complaint, which are considered as true for purposes of the pending motion. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016).

Ms. Cooper is the owner of real estate and a dwelling located at 2644 True Hollow Road in Chillicothe (the "Property"). (ECF No. 3, Compl., ¶ 8). Unfortunately, there was a fire "in or on the dwelling" on June 29, 2019, causing damage to the dwelling and to Ms. Cooper's personal property located there. (*Id.* ¶¶ 9, 10).

At the time of the fire, Ms. Cooper had a homeowner's insurance policy issued by Liberty. (*Id.*, ¶ 12). Ms. Cooper does not have a complete copy of the policy, so she was unable to attach a copy to her Complaint. (*Id.*) Liberty subsequently filed a complete copy of the policy.[1] (ECF No. 9).

Ms. Cooper avers that she has complied with all of the terms of the policy and provided notice of the fire to Liberty the day after the fire. (ECF No. 3, Compl., ¶¶ 16, 18). Liberty investigated her claim, then refused to issue payment to Ms. Cooper for her damages and losses suffered from the fire. (*Id.*, ¶¶ 28, 29).

## II.     Procedural Background

Ms. Cooper filed this action on November 19, 2020, in the Court of Common Pleas of Ross County. Ms. Cooper named Liberty and five John Does as defendants. (ECF No. 3). She asserted claims for breach of contract, bad faith, unfair and deceptive trade practices, unjust enrichment, trespass to chattels, conversion, and civil theft. *Id.*

Liberty removed the action to this Court pursuant to 28 U.S.C. § 1441(a) on the grounds that there is complete diversity of citizenship; Ms. Cooper is a citizen of Ohio, Liberty is incorporated in and maintains its principal place of business in

---

[1]Despite Plaintiff's argument to the contrary (ECF No. 21, Memo, PageID 175), the Court can properly consider the policy because it was referenced in the Complaint and is central to the claims. *Hivner v. Active Elec., Inc.*, 878 F. Supp. 2d 897, 901 (S.D. Ohio 2012) (Rose, J.) (citation omitted).

Massachusetts,[2] and the amount in controversy is more than $75,000 exclusive of costs and interest. (ECF No. 1). Liberty then filed an Answer and asserted a Counterclaim for Declaratory Judgment. (ECF No. 5). Ms. Cooper Answered Liberty's Counterclaim. (ECF No. 7). The instant Motion for Judgment on the Pleadings followed.

## II. Standard of Review

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed in the same manner as a motion to dismiss under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007). To overcome such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A motion for judgment on the pleadings should be granted when there is no material issue of fact and the moving

---

[2]Pursuant to 28 U.S.C. § 1441(a), the Court may not consider the citizenship of a fictitious defendant for the purpose of determining the existence of diversity jurisdiction.

3

party is entitled to judgment as a matter of law. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008).

### III. Analysis

#### A. Breach of Contract Claim

The Court begins with a review of the rules of insurance policy interpretation. Under Ohio law,[3] insurance contracts are construed like any other written contract. *Scott v. Allstate Indem. Co.*, 417 F. Supp. 2d 929, 932 (N.D. Ohio 2006). "The court's role in interpreting a contract is to give effect to the intent of the parties." *Fujitec Am., Inc. v. AXIS Surplus Ins. Co.*, 458 F. Supp. 3d 736, 743 (S.D. Ohio 2020) (Litkovitz, M.J.) (quotation omitted). To give such effect, "[c]ontract terms are generally to be given their ordinary meaning when the terms are clear on their face," and courts must "apply the plain language of the contract when the intent of the parties is evident from the clear and unambiguous language in a provision." *CoMa Ins. Agency v. Safeco Ins. Co.*, 526 F. App'x 465, 468 (6th Cir. 2013) (citations omitted). *See also Foster Wheeler Enviresponse v. Franklin Cty. Convention Facilities Auth.*, 1997-Ohio-202, 78 Ohio St. 3d 353, 361, 678 N.E.2d 519, 526. "Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer

---

[3] "[F]ederal courts sitting in diversity 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965)). The Court applies the substantive law of the state in which the Court sits. *Perry v. Allstate Indem. Co.*, 953 F.3d 417, 421 (6th Cir. 2020) (citation omitted).

and liberally in favor of the insured." *King v. Nationwide Ins. Co.*, 35 Ohio St.3d 208, 208, 519 N.E.2d 1380 (1988), syllabus.

Liberty argues that it is entitled to judgment on Ms. Cooper's breach of contract claim because this litigation was untimely filed resulting in that claim being barred as a matter of law. (ECF No. 14, Motion, PageID 146). Liberty's argument is not a statute of limitations argument but a contractual argument.

Under Ohio law, an insurance company may lawfully limit the time within which a suit may be brought on a contract of insurance:

> The parties to a contract of insurance may, by a provision inserted in the policy, lawfully limit the time within which suit may be brought thereon, provided the period of limitation fixed be not unreasonable.

*Appel v. Cooper Ins. Co.*, 76 Ohio St. 52 (1907), syllabus; *see also Dominish v. Nationwide Insurance Company*, 129 Ohio St.3d 466, 2011-Ohio-4102, 953 N.E.2d 820, ¶ 8 ("The policy states in language clear enough to be plainly understood that any lawsuit by an insured against Nationwide must be commenced within one year of the loss or damage sustained. We conclude that the policy language is not ambiguous."). Likewise, Ohio law has established that a limitation of one year for bringing suit is valid and enforceable. *Walker v. Safeco Ins. Co. of Indiana,* No. 5:17-CV-02214, 2018 WL 8608323, at *2 (N.D. Ohio Aug. 13, 2018) (holding "time limitations on suit contained in an insurance contract are valid and enforceable"); *Kelley v. Travelers Insurance Company*, 9 Ohio App.3d 58, 59, 458 N.E.2d 406, 407 (8th Dist. 1983); *see also Smith v. Aetna Insurance Company*, 6th Dist. Lucas No. L-87-339, 1990 WL 1349, *2 (Jan. 12, 1990) (enforcing provision requiring

5

commencement of suit "within one year after the loss occurs").

The policy here contains a "Suit Against Us" provision that provides: "No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss." (ECF No. 9, Policy, PageID 95). This action was filed more than one year after the June 2019 fire at the Property.

In an effort to avoid the application of the contractual limitation to her, Ms. Cooper argues *inter alia* that her time for filing this lawsuit was tolled by Am.Sub. H.B. 197, signed into law on March 27, 2020. (ECF No. 21, Memo, PageID 176). However, the provisions of that legislation do not apply to contractual temporal limitations.

"Am. Sub. H.B. 197, approved and effective March 27, 2020, and made retroactive to March 9, 2020," was enacted by the Ohio Legislature as "an emergency measure necessary for the immediate preservation of the public peace, health, and safety" considering the Covid-19 pandemic. *In re K.R.*, 9th Dist. Summit No. DN 20-01-075, 2021-Ohio-495, ¶ 13 (citing Am. Sub. H.B. 197, § 40). The "Act tolled the time for a broad range of enumerated proceedings and deadlines which were otherwise 'set to expire between March 9, 2020, and July 30, 2020.'" *Id.* (quoting Am. Sub. H.B. 197, § 22(A)). However, by its terms, Am. Sub. H.B. 197 only tolls statutory time limits. Am. Sub. H.B. 197, § 22(A)(1)(b) (applying to time limitation or deadline under the Ohio Revised Code); *see also*, *In re K.R.*, 2021-Ohio-495, ¶¶ 13-14.

6

Ms. Cooper filed suit on November 19, 2020, more than a year after the date of loss, the June 29, 2019 fire. Thus, she failed to comply with an express condition of coverage and her breach of contract claim is untimely. Liberty is therefore entitled to judgment on this claim.

### B. Bad Faith Claims

Although the Court grants judgment in favor of Liberty on Ms. Cooper's breach of contract claim, that does not automatically doom her bad faith claim. "Ohio law recognizes that bad faith in the adjustment of an insurance claim may exist without a valid claim for coverage." *Penton Media, Inc. v. Affiliated FM Ins. Co.*, 245 F. App'x 495, 501 (6th Cir. 2007) (citing *Staff Builders, Inc. v. Armstrong*, 37 Ohio St. 3d 298, 525 N.E.2d 783, 788 (Ohio 1988) and *Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552, 1994 Ohio 461, 644 N.E.2d 397 (1994), paragraph 1 of the syllabus); *see also*, *Schuetz v. State Farm Fire & Cas. Co.*, 147 Ohio Misc. 2d 22, 46, 2007-Ohio-7267, ¶ 72, 890 N.E.2d 374, 393-94 (C.P.) (whether the insured was entitled to insurance coverage and whether the insurer acted in good faith in denying the claim are separate inquiries, and the insurer is not required to prevail on the coverage issue to prevail on the issue of bad faith).

Under Ohio law, an insurance company must act in good faith when evaluating and handling an insured's claim. *Hart v. Republic Mut. Ins. Co.*, 152 Ohio St. 185 (1949), paragraph two of the syllabus (An insurance company "is liable to respond in damages to its insured if it fails to act in good faith with respect to the settlement of such a claim"); *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272 (1983),

7

paragraph one of the syllabus ("Based upon the relationship between an insurer and its insured, an insurer has the duty to act in good faith in the handling and payment of the claims of its insured"). The lack of good faith is the functional equivalent of acting in bad faith, which, while difficult to define, encompasses more than negligence and bad judgment. *Slater v. Motorists Mut. Ins. Co.*, 174 Ohio St. 148 (1962), paragraph two of the syllabus (overruled to the extent that "intent" is not an element of a bad faith claim against an insurance company). According to the Ohio Supreme Court:

> Mere refusal to pay insurance is not, in itself, conclusive of bad faith. But when an insurer insists that it was justified in refusing to pay a claim of its insured because it believed there was no coverage of the claim . . . such a belief may not be an arbitrary or capricious one. The conduct of the insurer must be based on circumstances that furnish reasonable justification therefor.

*Hoskins*, 6 Ohio St.3d at 277 (internal quotations omitted)). The burden is on the insured to establish bad faith. *Marsteller v. Sec. of Am. Life Ins. Co.*, No. 3:01CV7258, 2002 WL 31086111, at *7 (N.D. Ohio Sept. 12, 2002) (citations omitted).

Ms. Cooper has alleged that Liberty failed to conduct a good faith investigation and by failing to provide a reasonable justification for its denial of her claim. She has sufficiently alleged a bad faith claim and Liberty's Motion is **DENIED** as to this claim.

    C.    **Unfair and Deceptive Trade Practices Claim**

According to her Complaint, Ms. Cooper's Third Claim is for "unfair and deceptive trade practices." (ECF No. 3, Page ID 38). Under the heading for Count

8

Three she alleges various violations of Chapter 3901 of the Ohio Administrative Code. (*Id.*, PageID 38-41). However, in response to Liberty's Motion to Dismiss, Ms. Cooper acknowledges that Chapter 3901 does not create a private cause of action for unfair and deceptive trade practices. (ECF No. 21, PageID 184). She instead argues that her Third Claim is for declaratory judgment. (*Id.*).

Regardless of how she packages it, "Ohio law does not provide 'a private cause of action to insureds against insurance companies or their claim administrators for committing unfair insurance practices.'" *Harsh v. GEICO Gen. Ins. Co.*, No. 2:17-cv-814, 2018 WL 4521934, at *5 (S.D. Ohio Sept. 21, 2018) (Sargus, J.) (quoting *William Powell Co. v. Nat'l Indem. Co.*, 141 F. Supp. 3d 773, 782 (S.D. Ohio 2015) (Dlott, J.)). The provisions of the Ohio Administrative Code are enforceable "solely by the Superintendent of Insurance" and not by individual insureds. *Id.*

Liberty's Motion on this claim is **GRANTED**.

### D. Unjust Enrichment Claim

Liberty seeks dismissal of Ms. Cooper's Fourth Claim for unjust enrichment on the grounds that it is, in substance, a repeat of her breach of contract claim. (ECF No. 14, Motion, PageID 151.) Ms. Cooper's response to Liberty's Motion is that she brought her unjust enrichment claim as an alternative theory of relief should Liberty dispute that a contract exists. (ECF No. 21, Memo, PageID 185-86.) Liberty acknowledges that it had a contract with Ms. Cooper and that contract covers the subject matter of this dispute. (*See*, ECF No. 5 at ¶ 12 and ECF No. 22, Reply, PageID

9

197.) Liberty's Motion on the unjust enrichment claim is **GRANTED**.

### E. Trespass to Chattels, Conversion, and Civil Theft Claims

Finally, Liberty groups Ms. Cooper's last three claims together and argues that it is entitled to judgment on all of them. All have similar elements, so the Court agrees that it is appropriate to address these claims together.

Claim Five is a claim for trespass to chattels, which occurs "when one intentionally dispossesses another of chattel." *Stainbrook v. Fox Broadcasting Co.*, No. 3:05 CV 7380, 2006 WL 3757643, at *4 (N.D. Ohio Dec. 19, 2006). Conversion (Claim Six) is "a wrongful exercise of dominion over property in exclusion of the right of the owner, or withholding it from his possession under a claim inconsistent with his rights." *NPF IV, Inc. v. Transitional Health Services*, 922 F.Supp. 77, 80-81 (S.D. Ohio 1996) (Graham, J.). And Claim Seven is a civil theft claim; pursuant to Ohio Rev. Code § 2307.61, a property owner may bring a civil action under Ohio Rev. Code 2307.60(A) "to recover damages from any person who willfully damages the owner's property or who commits a theft offense, as defined in section 2913.01 of the Revised Code, involving the owner's property." *See, Semco, Inc. v. Sims Bros., Inc.*, 3rd Dist. Marion No. 9-12-62, 2013-Ohio-4109, ¶ 15.

In support of these three claims, Ms. Cooper only asserts "labels and conclusions, and a formulaic recitation of the elements of [the] cause[s] of action." *Twombly*, 550 U.S. at 555. The Complaint contains no factual allegations as to any alleged act by Liberty that constitute loss or damage to Ms. Cooper's personal property. Accordingly, Liberty's Motion is **GRANTED** as to Claims 5, 6, and 7.

### F. Counterclaim

Ms. Cooper asserted that Liberty breached the policy "by refusing to issue payment to" her due to lack of coverage. (ECF No. 3, ¶ 29). Liberty's Counterclaim seeks a declaratory judgment that the policy did not provide for coverage. (ECF No. 5). Because the Court dismissed the breach of contract claim, the issue of whether the policy provided for coverage appears moot. Consequently, counsel shall file simultaneous briefs on the viability of Liberty's counterclaim on or before November 29, 2021. The briefs shall be no longer than five pages each. Liberty's failure to file said brief **will result in the counterclaim being dismissed without prejudice** on mootness grounds.

## IV. Conclusion

For the reasons set forth above, Liberty's Motion for Judgment on the Pleadings (ECF No. 14) is **GRANTED** in part and **DENIED** in part. Liberty is granted judgment on Counts 1, 3, 4, 5, and 6. Claim 2 for bad faith remains pending.

Further, the parties are **ORDERED** to file simultaneous briefs on the continued viability of Liberty's counterclaim on or before November 29, 2021.

**IT IS SO ORDERED.**

s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**